GARY D. FRIEDMAN (*Admitted Pro Hac Vice*)
  gary.friedman@weil.com
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY  10153
Telephone:    (212) 310-8000
Facsimile:    (212) 310-8007

CHRISTOPHER J. COX (Bar No. 151650)
  chris.cox@weil.com
WEIL, GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3029
Facsimile:  (650) 802-3100

Attorneys for Defendant
TUESDAY MORNING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CYNTHIA MCMAHON, on behalf of herself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TUESDAY MORNING, INC., a Texas corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 3:14-cv-05547 (EMC)<br><br>(Removed from Contra Costa Superior Court Case No. C-14-02113)<br><br>**STIPULATION AND [PROPOSED] ORDER TO GRANT PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT FOR SETTLEMENT PURPOSES**<br><br>Judge:   Hon. Edward M. Chen |

1  Defendant Tuesday Morning, Inc. ("Defendant") and Plaintiff Cynthia McMahon
2  ("Plaintiff") (collectively, the "Parties"), by and through their respective counsel of record,
3  hereby stipulate as follows:
4  WHEREAS, on December 1, 2016, Plaintiff filed her Notice of Motion and Motion for
5  Preliminary Approval of Class Action Settlement (ECF No. 63);
6  WHEREAS, pursuant to this Court's December 7, 2016 Order re Supplemental Briefing
7  (ECF No. 66), the Parties submitted the Joint Supplemental Brief in Response to the Court's
8  December 7, 2016 Order With Respect to Plaintiff's Motion for Preliminary Approval of Class
9  Action Settlement (ECF No. 69), which, in part, informed the Court that the Parties will file the
10 instant Stipulation proposing an amendment to the operative complaint for settlement purposes to
11 clarify the inclusion of a PAGA claim in the instant action;
12 NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that Plaintiff may
13 file the [Proposed] First Amended Complaint, which is attached as Exhibit 1 to this Stipulation.
14 The [Proposed] First Amended Complaint will be deemed filed and served as of the date on the
15 Order granting this Stipulation.

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED: January 26, 2017                    WEIL, GOTSHAL & MANGES LLP

By:     /s/ Gary D. Friedman
        Gary D. Friedman (*Admitted Pro Hac Vice*)
        Attorneys for Defendant
        TUESDAY MORNING, INC.

STIPULATION AND [PROPOSED] ORDER
TO GRANT PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT
             1                                    CASE NO. 3:14-CV-05547 (EMC)

DATED: January 26, 2017                    SETAREH LAW GROUP

                                           By:  */s/ Shaun Setareh*
                                                Shaun Setareh
                                                Attorneys for Plaintiff
                                                CYNTHIA MCMAHON

   Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:    2/24/17                          By: _____
                                                 IT IS SO ORDERED
                                                 Judge Edward M. Chen

STIPULATION AND [PROPOSED] ORDER
TO GRANT PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT
                                    2                    CASE NO. 3:14-CV-05547 (EMC)

# EXHIBIT A

Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone:    (310) 888-7771
Facsimile:     (310) 888-0109

Attorneys for Plaintiff,
CNYTHIA MCMAHON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CYNTHIA MCMAHON, on behalf of herself, all others similarly situated, and the general public,<br><br>*Plaintiff*,<br><br>vs.<br><br>TUESDAY MORNING, INC., a Texas corporation; and DOES 1-50, inclusive,<br><br>*Defendants*. | Case No. 3:14-cv-05547 (EMC)<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198);<br>2. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>3. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br>4. Civil Penalties (Lab. Code §§ 2698, *et seq.*).<br><br>**JURY TRIAL DEMANDED** |

*McMahon v. Tuesday Morning, Inc., et al.*  First Amended Class Action Complaint

Plaintiff, CYNTHIA MCMAHON (hereafter "Plaintiff"), on behalf of herself, all others similarly situated, and the general public, complains and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this class and representative action against defendant TUESDAY MORNING, INC., a Texas corporation and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants have failed to provide them with rest periods, failed to pay premium wages for unprovided rest periods, and failed to pay for all wages upon termination. Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of herself, all others similarly situated, and the general public.

2. Venue is proper in this forum because Defendant has numerous and substantial contacts with the Northern District, including multiple store locations in Northern California which employ class members.

**PARTIES**

**A.** **Plaintiff**

3. Plaintiff worked for Defendants in an hourly position in a retail store during all relevant time periods.

**B.** **Defendants**

4. Defendant Tuesday Morning, Inc. is a Texas corporation authorized to do business in California.

5. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

6. Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business

plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## CLASS ALLEGATIONS

7. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

8. **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

9. The class and subclass members are defined as follows:

> **Rest Break Class:** All hourly employees of Defendants in California who worked a shift in excess of 3.5 hours during the **Relevant Time Period**.
>
> **Wage Statement Penalties Class:** All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.
>
> **Waiting Time Penalties Class:** All **Rest Break Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.
>
> **UCL Class:** All **Rest Break Class** members employed by Defendants in California during the **Relevant Time Period**.

10. **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

11. **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

12. **Commonality and Predominance:** Common questions of law and fact exist as

to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

    A.    Have Defendants maintained a policy or practice of failing to provide employees with their rest breaks?

    B.    Have Defendants failed to pay additional wages to class members when they have not been provided with required rest periods?

    C.    Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

    D.    Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

    E.    Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

13. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

14. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

15. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

16. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the

unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7, and 1198)

### (Plaintiff and the Rest Break Class)

17. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

18. At all relevant times, Plaintiff and **the Rest Break Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

19. Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

20. Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period.

21. Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

22. Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

23. Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Break Class** with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

24. At all relevant times, Defendants failed to pay Plaintiff and other class members additional premium wages when required rest periods were not provided.

25. Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of herself, **Rest Break Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

26. Plaintiff does not assert that she missed every single rest break for each and every shift that she worked; nor does she necessarily assert or allege that every single Rest Break Class member is entitled to premium pay as a result of Defendants conduct.

27. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Break Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

**(Lab. Code §§ 201-203)**

**(Plaintiff and Waiting Time Penalties Class)**

28. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

29. At all relevant times, Plaintiff and **Waiting Time Penalties Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

30. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

31. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to

payment of all final wages at the time of resignation.

32. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

33. During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with Labor Code § 201 by failing to timely pay her all of her final wages.

34. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

35. Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages.

36. Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to her and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

37. Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of herself and **Waiting Time Penalties Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

38. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Class** members, seeks awards of reasonable costs and attorneys' fees.

///

///

# THIRD CAUSE OF ACTION

# UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and UCL Class)

39. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

40. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

41. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

42. California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

43. Plaintiff and the UCL Class realleges and incorporates by reference the FIRST cause of action herein.

44. Plaintiff lost money or property as a result of the aforementioned unfair competition.

45. Defendants have, or may have, acquired money by means of unfair competition.

46. Plaintiff is informed and believes and thereon alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

47. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers.

///

*Wages and Premium Wages*

48. At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

49. As stated above, Defendants have violated the Labor Code in multiple respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages, failing to pay them premium wages.

50. Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed rest periods.

*Relief Sought*

51. The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq*. Business & Professions Code §§ 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on her own behalf and on behalf of other similarly situated persons in a class action proceeding.

52. As a result of Defendants' violations of the Labor Code as during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

53. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

54. Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

55. Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of herself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

56. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## FOURTH CAUSE OF ACTION
## CIVIL PENALTIES
### (Lab. Code §§ 2698, *et seq.*)

57. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

58. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 1198, 1199 and other code sections that Plaintiff may have asserted in her formal letter to the California Labor and Workfroce Development Agency, dated November 12, 2014.

59. Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, of behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

60. Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

61. Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.

62. Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following

civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 1198 and 1199:

    A.    For violations of Labor Code §§ 201, 202, 203, 226.7, 1198, and 1199, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

    B.    For violations of Labor Code § 203, a penalty in an amount not exceeding 30 days pay as waiting time (penalties set by Labor Code § 256).

    C.    For violations of Labor Code § 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

    D.    For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5); and

    E.    For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by

Labor Code § 226.3).

63. Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with her claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

A. An order that the action be certified as a class action;
B. An order that Plaintiff be appointed class representative;
C. An order that counsel for Plaintiff be appointed class counsel;
D. Unpaid Wages;
E. Actual Damages;
F. Restitution;
G. Pre-judgment interest;
H. Statutory penalties;
I. Costs of suit;
J. Reasonable attorneys' fees; and
K. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, all others similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED: January 26, 2017          SETAREH LAW GROUP

                                 BY  /s/ Shaun Setareh
                                    SHAUN SETAREH
                                    Attorneys for Plaintiff,
                                    CYNTHIA MCMAHON

11

*McMahon v. Tuesday Morning, Inc., et al.*          First Amended Class Action Complaint